IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Patricia Karoue, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Blue Cross Blue Shield of South ) <br> Carolina ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:13-1844-JFA-KFM <br><br> **REPORT OF MAGISTRATE JUDGE AND ORDER** |

This matter is before the court on the defendant's motion for partial summary judgment (doc. 8), the plaintiff's motion to amend her complaint (doc. 20), and the defendant's motion to compel (doc. 28). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

**PROCEDURAL HISTORY**

The plaintiff filed this action in state court, and it was removed to federal court on July 5, 2013. In her complaint, the plaintiff alleges causes of action against her former employer for breach of contract, breach of the implied duty of good faith and fair dealing, breach of contract accompanied by a fraudulent act, and violation of the Americans with Disabilities Act ("ADA").

On August 22, 2013, the defendant filed a motion for partial summary judgment (doc. 8) as to the plaintiff's breach of contract claims, which are based on a personnel policy the plaintiff identifies as a "Code of Business Ethics." In her complaint, the plaintiff alleges that she reported inaccuracies in financial information to the defendant, and she was terminated in retaliation in violation of the Code of Business Ethics (doc. 1-1, comp. ¶¶ 8-23). In her response to the motion (doc. 17) filed September 16, 2013, the

plaintiff stated that she would be contemporaneously filing a motion to amend her complaint abandoning the breach of contract claims at issue in the partial motion for summary judgment. The plaintiff stated that once the court grants the motion to amend, the motion for summary judgment would be rendered moot. The defendant filed a reply (doc. 19) on September 20, 2013, stating that it did not consent to the plaintiff's proposed motion to file an amended complaint. On October 28, 2013, the plaintiff filed the motion to amend (doc. 20). The proposed amended complaint abandons the breach of contract claims and adds claims for promissory estoppel and fraud based on the Code of Business Ethics.

On November 15, 2013, the defendant requested an extension of time to respond to the plaintiff's motion to amend complaint. Specifically, the defendant requested that the deadline be extended to 14 days after the receipt of the plaintiff's responses to its discovery requests, which were served in August 2013 and included a request for the production of the alleged Code of Business Ethics. The undersigned granted the motion on November 15, 2013, and directed defense counsel to notify the court on or before December 16, 2013, as to whether the plaintiff's discovery responses had been received. Defense counsel informed the court on December 16th that the plaintiff had not responded to the discovery requests. The undersigned extended the deadline for the defendant's response in opposition to the motion to amend to January 2, 2014. The defendant timely filed a response in opposition (doc. 30) to the motion to amend, and the plaintiff filed a reply (doc. 32) on January 13, 2014. The defendant filed a sur-reply on January 14, 2014 (doc. 33).

On December 26, 2013, the defendant filed a motion to compel (doc. 28) the plaintiff to cooperate in discovery. The defendant states that the plaintiff still has not responded to its interrogatories and request for production of documents served in August 2013. The plaintiff's response to the motion to compel was due by January 13, 2014, and as of today's date, no response has been received.

**FACTS PRESENTED**

The plaintiff worked for the defendant from October 2008 until September 2011 (doc. 8-2, Richards aff. ¶ 3). At that time (as now), the defendant published its Corporate Policy Manual electronically rather than in hard copy (*id.* ¶ 6). According to affidavit of Brenetta Richards, the defendant's Corporate Employee Human Resources Manager, the defendant did not publish a "Code of Business Ethics" (*id.* ¶ 4). However, the defendant published an "Our Values" policy, which is located in the manual (*id.* ¶ 5 and ex. A). To view a policy in the manual, the plaintiff had to access the defendant's corporate intranet and click on a link to the manual entitled "Corporate Policies." If the plaintiff clicked on that icon, a pop-up window would open showing nothing other than an at-will disclaimer that read as follows:

> **ALL EMPLOYEES ARE EMPLOYED AT-WILL AND MAY QUIT OR BE TERMINATED AT ANY TIME AND FOR ANY REASON OR NO REASON AND WITHOUT NOTICE. NOTHING IN ANY COMPANY RULES, PRACTICES, POLICIES, HANDBOOKS, PROCEDURES OR OTHER DOCUMENTS, WORDS OR ACTIONS CREATES ANY EXPRESS OR IMPLIED CONTRACT OF EMPLOYMENT. NO PAST PRACTICES OR PROCEDURES, WHETHER ORAL OR WRITTEN, FORM ANY EXPRESS OR IMPLIED AGREEMENT TO CONTINUE SUCH PRACTICES OR PROCEDURES. ANY COMPANY PRACTICES OR PROCEDURES, WHETHER ORAL OR WRITTEN, MAY BE CHANGED, SUPPLEMENTED, ELIMINATED OR CREATED AT ANY TIME WITHOUT NOTICE. THE AT WILL EMPLOYMENT STATUS OF EACH EMPLOYEE CANNOT BE ALTERED BY ANY VERBAL STATEMENT OR ALLEGED VERBAL AGREEMENT. IT CAN ONLY BE CHANGED BY A LEGALLY BINDING, WRITTEN**

> **CONTRACT COVERING EMPLOYMENT STATUS. AN EXAMPLE OF THIS WOULD BE A WRITTEN EMPLOYMENT AGREEMENT FOR A SPECIFIC DURATION OF TIME.**
>
> **I hereby acknowledge the following: 1) the Corporate Policy Manual is located on My e-work, the Blue Cross Blue Shield Intranet site, 2) I have access to view the Corporate Policy Manual at anytime, 3) It is my responsibility to have knowledge of all corporate polices posted AND 4) THE CORPORATE POLICY MANUAL IS NOT A CONTRACT OF EMPLOYMENT.**

(*id.*, ex. B) (emphasis in original).  If the plaintiff did not click "OK" to acknowledge the at-will disclaimer, she could not access the manual (*id.* ¶ 6).

Additionally, at the time of hire and annually thereafter, employees, including the plaintiff, signed at-will disclaimers (*id.* ¶ 7 and ex. C).  The defendant has submitted copies of the disclaimers signed by the plaintiff in 2008, 2009, and 2011, which read as follows:

> **ALL EMPLOYEES OF COMPANION DATA SERVICES ARE EMPLOYED AT-WILL AND MAY QUIT OR BE TERMINATED AT ANY TIME AND FOR ANY REASON. NOTHING IN ANY OF COMPANION DATA SERVICES RULES. POLICIES, HANDBOOKS. PROCEDURES OR OTHER DOCUMENTS RELATING TO EMPLOYMENT CREATES ANY EXPRESS OR IMPLIED CONTRACT OF EMPLOYMENT.  NO PAST PRACTICES OR PROCEDURES, WHETHER ORAL OR WRITTEN, FORM ANY EXPRESS OR IMPLIED AGREEMENT TO CONTINUE SUCH PRACTICES OR PROCEDURES. NO**

> **PROMISES OR ASSURANCES. WHETHER WRITTEN OR ORAL, WHICH ARE CONTRARY TO OR INCONSISTENT WITH THE LIMITATIONS SET FORTH IN THIS PARAGRAPH CREATE ANY CONTRACT OF EMPLOYMENT UNLESS: 1) THE TERMS ARE PUT IN WRITING, 2) THE DOCUMENT IS LABELED "CONTRACT," 3) THE DOCUMENT STATES THE DURATION OF EMPLOYMENT, AND 4) THE DOCUMENT IS SIGNED BY THE CHIEF EXECUTIVE OFFICER.**
>
> **I hereby acknowledge the following: 1) the Corporate Policy Manual is located on My e-work, the Blue Cross Blue Shield Intranet site, 2) I have access to view the Corporate Policy Manual at anytime, 3) It is my responsibility to have knowledge of all corporate polices posted AND 4) THE CORPORATE POLICY MANUAL IS NOT A CONTRACT OF EMPLOYMENT.**

(*Id.*, ex. C) (emphasis in original).

## APPLICABLE LAW AND ANALYSIS

*Motion for Partial Summary Judgment*

In the motion for partial summary judgment, the defendant argues that the plaintiff's contract claims in the original complaint fail as a matter of law because the defendant's Corporate Policy Manual contains a conspicuous at-will disclaimer that she signed. As noted above, in her response to the motion, the plaintiff stated that she would be filing a motion to amend her complaint abandoning the breach of contract claims at issue in the motion for partial summary judgment, which would moot the motion for partial summary judgment. As will be discussed below, the undersigned recommends that the motion to amend be denied, and, therefore, the motion for partial summary judgment will be considered.

In South Carolina, employment is presumed to be at-will, which means that an employee may be terminated at any time for any reason or for no reason, with or without cause. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005) (citing *Styles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 450 (1999)). Although South Carolina courts have recognized that an employee's at-will status may be altered by the terms of an employee handbook, Section 41–1–110 of the South Carolina Code expressly provides that a handbook "shall not create an express or implied contract of employment if it is conspicuously disclaimed." S.C. Code Ann. § 41–1–110. In accordance with the provisions of the disclaimer statute, a handbook is conspicuously disclaimed if the disclaimer is "in underlined capital letters on the first page of the document and signed by the employee. . . ." *Id*. Furthermore, "[w]hether or not a disclaimer is conspicuous is a question of law." *Id.*

Here, the undisputed evidence is that the defendant's personnel policies, including its "Our Values" policy, are contained in its policy manual, which is available on the defendant's intranet (doc. 8-2, Richards aff. ¶¶ 5-6 and ex. A). The manual is conspicuously disclaimed and signed by the plaintiff as set forth in South Carolina's at-will disclaimer statute (*id.* ¶¶ 6-7 and ex. B, C). Accordingly, the manual's disclaimer is conspicuous as a matter of law, *see* S.C. Code Ann. § 41-1-110, and there is no evidence that the defendant waived the disclaimer. *See Bishop v. City of Columbia*, 738 S.E.2d 255, 260 (S.C. Ct. App. 2013) (affirming grant of summary judgment on breach of contract claim where disclaimer was conspicuous as a matter of law and there no evidence that the defendant waived the disclaimer by treating the handbook as a contract notwithstanding the disclaimer) (citing S.C. Code Ann. § 41-1-110 and *Marr v. City of Columbia*, 416 S.E.2d 615, 616 (S.C. 1992)). Accordingly, the defendant's motion for partial summary judgment as to the contract claims (the First, Second, and Third Causes of Action) in the plaintiff's original complaint should be granted.

### *Motion to Amend*

The plaintiff seeks to amend her complaint to allege claims for promissory estoppel and fraud based upon promises made in the defendant's Code of Business

6

Ethics.[1]  Federal Rule of Civil Procedure 15 provides that a plaintiff may amend pleadings once as a matter of course before trial under certain circumstances that are not relevant here.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  The decision of whether to grant a motion to amend is left to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (ruling the "grant or denial of an opportunity to amend is within the discretion of the District Court").  "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597, 602-603 (4th Cir. 2010).  If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 925, 930 (D.S.C. 2012) (citation omitted).  Therefore, when the new well-pleaded facts asserted in the new proposed complaint fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

        The defendant argues that the plaintiff's motion to amend is futile as the new claims would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

---

[1] The proposed amended complaint also alleges a cause of action for violation of the ADA, as was alleged in the original complaint.  That cause of action is not at issue here.

7

will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

To maintain a claim of fraudulent misrepresentation, the plaintiff must allege and prove:

> (1) a representation ; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; (9) the hearer's consequent and proximate injury.

*M.B. Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston*, 271 S.E.2d 414, 415 (S.C. 1980).

To maintain a claim of promissory estoppel, the plaintiff must allege and prove:

> (1) the presence of an unambiguous promise; (2) the promisee reasonably relied upon the promise; (3) the reliance was expected and foreseeable by the promisor; and (4) the promisee was injured as a result of reliance upon the promise.

*Cox v. Handcrafted Homes, LLC*, No. 3:09-2811-JFA, 2010 WL 2079724, at *5 (D.S.C. May 24, 2010) (internal citations and quotations omitted).

Here, the defendant argues that, under South Carolina law, the plaintiff was an at-will employee whose employment could be terminated for good reason, bad reason,

or no reason at all, and therefore the plaintiff "cannot establish the elements of reasonable or justifiable reliance . . . " in the proposed claims (doc. 30 at p. 5). "A determining factor in deciding whether to enforce a promise under the theory of promissory estoppel is the reasonableness of the promisee's reliance." *Storms v. Goodyear Tire & Rubber Co.*, 775 F.Supp. 862, 868 (D.S.C.1991) (finding it was unreasonable, as a matter of law, for at-will employee to rely on employer's policy directives where employee knew he was at-will). "[R]eliance on a promise consisting solely of at-will employment is unreasonable as a matter of law since such a promise creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed." *White v. Roche Biomedical Labs., Inc.*, 807 F.Supp. 1212, 1219-20 (D.S.C. 1992) (granting summary judgment on promissory estoppel cause of action) (citing *Colosi v. Electri-Flex Co.*, 965 F.2d 500, 504 (7th Cir.1992)). Furthermore, the Fourth Circuit, construing South Carolina law, has held that a fraud claim in an employment at-will relationship "is simply inconsistent with the at-will employment doctrine." *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 513 (4th Cir. 1999).

In a recent case, the South Carolina Court of Appeals dismissed promissory estoppel claims based on statements made in the employer's handbook because the handbook conspicuously disclaimed any binding promises. *Bishop*, 738 S.E.2d at 261-62. Thus, the plaintiffs-employees could not "claim reasonable reliance on" the handbook. *Id*. at 262; *accord Cox*, 2010 WL 2079724, at *5 (finding it was unreasonable for the plaintiff to believe that his employment was guaranteed when he signed documents referencing the at-will nature of his employment).

In *Anthony v. Atlantic Group, Inc.*, the Honorable J. Michelle Childs, United States District Judge, granted an employer's motion for summary judgment on fraud and promissory estoppel claims. 909 F. Supp. 2d. 455, 481-82, 485-86 (D.S.C. 2012). The employees there were subject to work rules set forth in an employee handbook. *Id*. at 462. They were required to sign acknowledgments that they had received and read the handbook. *Id*. After their employment was terminated, the employees brought suit alleging,

9

among other claims, fraud and promissory estoppel. *Id*. at 461-62. The employees' claims were based on allegations that the employer made binding promises in the handbook, "the employment application, and the Certificate of Per Diem Eligibility that created implied contract rights effectively preventing [employer] from terminating employees for reasons related to per diem eligibility." *Id*. at 466. Citing the at-will employment doctrine, the court held the employees could not rely on the contents of the employer's policies or Certificate to establish a fraud claim. *Id*. at 476, 481-82. The court stated, "[u]nder South Carolina law, a promise of continued employment is illusory where the nature of the relationship is at-will and the employer retains the right to terminate the employment relationship." *Id.* at 482 (citation omitted). In their related promissory estoppel claim, the employees argued the employer made an unambiguous promise that the penalty for falsifying information regarding per diem eligibility was reimbursement to employer of amounts collected, not discharge. *Id*. at 484-85. The court, however, held the employees could not establish the existence of an unambiguous promise because at-will employment gave them no enforceable rights except the right to collect wages for work performed. *Id*. at 485-86. Thus, the employees' promissory estoppel claims failed as a matter of law. *Id*.

The plaintiff argues that "[t]he South Carolina Supreme Court has long recognized that a theory of promissory estoppel can be used by an 'at-will' employee to contend that his employment has been altered" (doc. 32 at p. 2). However, the case cited by the plaintiff, *Prescott v. Farmers' Tel. Coop., Inc.*, 516 S.E.2d 923 (S.C. 1999), does not stand for that proposition. In *Prescott*, the South Carolina Supreme Court found that the employer's alleged offer, "[a]s long as you do your job, keep your nose clean, that you'd have a job at Farmers Telephone right on," was not sufficiently explicit to alter the plaintiff's at-will employment status. 516 S.E.2d at 926. Thus, the court reversed the court of appeals' reversal of the trial judge's order granting summary judgment to the defendant on the breach of contract claim. *Id.* at 927. As pointed out by the defendant, the South Carolina Court of Appeals had addressed the plaintiff's promissory estoppel claim below; however, that ruling was not challenged before the supreme court. *See Prescott v. Farmers*

*Tel. Coop.*, 491 S.E.2d 698 (S.C. Ct. App. 1997). The court of appeals affirmed the trial court's dismissal of the plaintiff's promissory estoppel claim finding that there was no evidence that the employee was injured in reliance on the alleged promises. *Id.* at 707.

Similarly, another case cited by the plaintiff, *Bishop v. City of Columbia*, 738 S.E.2d 255, 262 (S.C. Ct. App. 2013), does not support her promissory estoppel claim. While the plaintiff did not cite a particular portion of the opinion, it appears she may be referencing the court's holding that an issue of fact existed as to whether oral statements allegedly made by the City's human resources employees were made within their authority, thereby binding the City. The court looked at cases specific to municipalities and denied the City's motion for summary judgment on that aspect of the employee's promissory estoppel claim. *Id.* at 262-63. Here, unlike in *Prescott* and *Bishop*, the proposed amended complaint does not allege the plaintiff relied on oral statements. Rather, the proposed amended complaint alleges the plaintiff relied on the defendant's policy, the Code of Business Ethics (doc. 20-1, proposed amended comp. ¶¶ 8-24). Moreover, in *Bishop*, the court held that the employees' promissory estoppel claims failed to the extent they were based on the City's employee handbook and benefits booklet because "the employee handbook conspicuously disclaimed any binding promises, and the benefits booklet made no promises of continuing free health insurance at all." *Id*. at 262. Accordingly, *Bishop* actually supports a finding that the plaintiff's promissory estoppel claim fails as a matter of law.

Lastly, the only other case cited by the plaintiff applying South Carolina law is *Blanton Enters., Inc. v. Burger King Corp.*, 680 F. Supp. 753 (D.S.C. 1988), which is not an employment case and is irrelevant to the issues presented here.

As discussed above, the undisputed evidence is that the plaintiff was an at-will employee of the defendant. Based upon the foregoing, an amendment of the complaint to add causes of action for promissory estoppel and fraudulent misrepresentation would be futile because neither claim could survive a motion to dismiss for failure to state a claim.

11

## **CONCLUSION**

Based upon the foregoing,

IT IS RECOMMENDED that the defendant's motion for partial summary judgment (doc. 8) be granted and the plaintiff's motion to amend complaint (doc. 20) be denied.[2]  Further,

IT IS ORDERED that the defendant's unopposed motion to compel (doc. 28) is granted.  The plaintiff is directed to provide responses to the defendant's discovery requests on or before January 30, 2014.  The plaintiff is reminded that failure to obey this discovery order may result in the dismissal of the instant action. *See* Fed. R. Civ. P. 37(b)(2)(A).

January 17, 2014                                                             s/ Kevin F. McDonald
Greenville, South Carolina                                              United States Magistrate Judge

---

[2]  As the issues in the motion for partial summary judgment and motion to amend are interrelated, the undersigned is recommending that the motion to amend be denied rather than ruling on the motion.